NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7122

FREDDIE E. MCCOWAN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

ON MOTION

Appeal from the United States Court of Appeals for Veterans Claims in 07-1490, Judge Ronald M. Holdaway.

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss this appeal for lack of jurisdiction or, in the alternative, summarily affirm the judgment of the United States Court of Appeals for Veterans Claims in McCowan v. Shinseki, No. 09-7122.

Freddie E. McCowan sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision denying McCowan's claim for entitlement to service connection for post-traumatic stress disorder (PTSD). The Board had determined that the evidence did not support a finding that McCowan had PTSD, and the Court of Appeals for Veterans Claims held that the Board's decision had a plausible basis in the record and was not clearly erroneous. McCowan appeals to this court.

The Secretary moves to dismiss the appeal for lack of jurisdiction, asserting that McCowan only argues that the Board failed to properly weigh the medical evidence related to his claim for PTSD. We agree. In McCowan's brief, he makes arguments concerning the evidence and mentions but does not explain a constitutional argument. This court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed. Cir. 2007); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, McCowan only challenges the Court of Veterans Claims' findings regarding his alleged PTSD. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss McCowan's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is granted. The motion for summary affirmance is moot.

(2) Each side shall bear its own costs.

FOR THE COURT

NOV 1 0 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Freddie E. McCowan
    Stephen C. Tosini, Esq.
s20

ISSUED AS A MANDATE: NOV 1 0 2009 _____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 1 0 2009

JAN HORBALY
CLERK

2009-7122

- 2 -